UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM M. GRIMES                                                                PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:08CV-186-S

BOARD OF EDUCATION OF JEFFERSON COUNTY            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the following motions:

1. Motion of the defendant, Jefferson County Board of Education ("JCBE"), to dismiss the complaint for failure to state a claim upon which relief may be granted (DN 5).

2. Motion of the plaintiff, William M. Grimes, for leave to file an amended complaint (DN 12).

3. Second motion of the plaintiff, William M. Grimes, for leave to file an amended complaint (DN 18).

Grimes filed a second motion for leave to file an amended complaint (DN 18) seeking to add additional factual allegations in support of his claims after JCBE's responsive brief urging that amendment would be futile. Therefore, Grimes' first motion for leave to amend (DN 12) will be denied as moot.

The second motion for leave to file an amended complaint (DN 18) stands unopposed and will be granted.

Grimes alleges in this action that he was discharged from his employment with JCBE in violation of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FLMA"). Grimes was employed as an "Exceptional Child Education Instructional Assistant" at Lassiter Middle School. On January 12, 2007, Grimes was placed on medical leave. He alleges that he contacted the sub-center each day of his absence, but only contacted Lassiter Middle School on

the first two days of his absence, as he claims that he was told that further daily calls to the school were unnecessary.  He claims that he relied on the information relayed by the school as correct and not inconsistent with school or JCBE policy.  Grimes was released by his physician to return to work on February 5, 2007.  During that period, on January 29, 2007, Grimes was notified by letter from Dwayne D. Roberts, the principal of Lassiter Middle School, that because he had failed to contact the school or the JCBE personnel office to request an approved leave of absence, he was considered to have resigned his position with JCBE.

On January 31, 2007, Grimes received a letter from Dr. Mary L. Persley of JCBE that as an employee, he might be eligible for benefits under the FMLA.  The letter enclosed forms for FMLA leave and instructions to complete them, obtain a physician's signature, and return them for review.  On February 5, 2007, Grimes delivered a release-to-work form from his physician to JCBE Classified Human resources Department.  He claims that he was informed at that time that there was no information in his file indicating that he had been terminated or had resigned.  On February 7, 2007, he delivered the completed FMLA forms to Human Resources.  On January 31, 2007, Roberts had informed Grimes, however, that it was his position that Grimes had resigned his position and was no longer an employee.

On February 14, 2007, Grimes received a document entitled "Jefferson County Board of Education – Notification of Change," which stated that Grimes' resignation was effective February 12, 2007.  On February 15, 2007, he was notified by phone by Presley that his employment with JCBE had been permanently terminated due to his resignation.  On February 17, 2007, Grimes received a letter from Presley that she was accepting his resignation.  Grimes contends that he did not resign.

Grimes concedes that he did not comply with JCBE or Lassiter's notice provisions for medical leave which required that submit a written request for medical leave to JCBE and to call Lassiter's school office daily between 6:30 and 7:15 a.m. on each day of absence.  Grimes contends

that he reasonably relied upon the representation from someone to whom he spoke at Lassiter that he need not call every day.  He does not address JCBE's contention that he failed to obtain an approved leave of absence from JBCE for leave beginning January 19, 2007.[1]

His discharge from employment is therefore only improper if Grimes was eligible for FMLA leave which was denied him by JCBE.  JCBE contends that he was not eligible for FMLA leave because he did not have sufficient hours of service in the preceding calendar year to qualify him for coverage under the Act.

Grimes was hired to work 6.5 hours per day for the 187-day school term.  JCBE deemed employees who worked such schedules to be eligible for FMLA leave if they had 1,215 hours of service in the year preceding the requested medical leave, rather than the 1,250 hours required of 8 hour per day employees.  JCBE contends that Grimes worked only 1,026.5 hours in the year preceding January 19, 2007 and thus was ineligible for FMLA leave.

Grimes alleges in his complaint that he routinely voluntarily worked 8 hours per day and that JCBE was aware that he worked additional time and permitted him to do so.  He also alleges that he occasionally performed additional work at home, and that he attended required workshops and training outside of normal working hours.  He claims that he therefore had 1,264 hours of service in the preceding year, exclusive of work performed at home or workshops and other training attended.

Grimes states in his second responsive brief[2] that

> When determining whether an employee has worked the requisite 1250 hours, the determination is made according to the principles of the Fair Labor Standards Act. 29 CFR § 825.110(c). The Fair Labor Standards Act clearly states that "Work not requested but suffered or permitted is work time...The employer knows or has reason to believe that he is continuing to work and the time is working time."  29 CFR §

---

[1] He received a medical leave of absence fro January 12 through January 16, 2007.  He did not return to work on January 19, 2007.

[2] Technically an unauthorized surreply, to which there has been no objection.

> 785.11. The Plaintiff had access to the school before and after his shift, and the Defendant knew or had reason to believe that plaintiff worked beyond the required 6.5 hours he was scheduled each day. Therefore the full 8 hours Plaintiff was working during each of the 158 days Plaintiff reported for work, a total of 1264 hours, should be counted toward Plaintiff's hours for determining FMLA eligibility.

Grimes cites no authority for the proposition that the provisions of the Fair Labor Standards Act or the regulations promulgated thereunder apply to the claims in this case, nor that his alleged additional work hours can properly be considered for FMLA eligibility. These additional allegations were made part of the amended complaint in the FMLA claim. JCBE has not had the opportunity to respond to this theory for calculating eligibility, as the issue was first raised in a supplemental filing.

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Taking the facts alleged in the amended complaint as true, we must deny the motion. JCBE has not shown that Grimes has failed to state a claim on these newly presented facts.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

> 1. The motion of the plaintiff, William M. Grimes, for leave to amend the complaint (DN 12) is **DENIED AS MOOT.**
>
> 2. The motion of the plaintiff, William M. Grimes, for leave to amend the complaint (DN 18) is **GRANTED.**
>
> 3. The motion of the defendant, Jefferson County Board of Education, to dismiss (DN 5) is **DENIED.**

**IT IS SO ORDERED.**